# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

July 17, 2013

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JASON D. JONES,**
**Claimant Below, Petitioner**

**vs.)   No. 11-1438**  (BOR Appeal No. 2045711)
(Claim No. 2011000136)

**MULTIPLEX, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Jason D. Jones, by Linda Garrett, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Multiplex, Inc., by Alyssa Sloan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 21, 2011, in which the Board affirmed a March 8, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 27, 2010, decision rejecting Mr. Jones's claim for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Jones alleges that on June 28, 2010, he injured his lower back when he tripped on a pipe and fell into a five foot deep trench. Following the incident, he sought medical treatment and was diagnosed with lumbosacral sprain/strain, thoracic sprain/strain, contusion to the back, and lumbago. The evidentiary record in the instant case is extensive and indicates that Mr. Jones has a very long history of back problems, including multiple injuries and a herniated disc, with a non work-related back injury occurring in the days prior to the alleged June 28, 2010, injury.

1

In its Order affirming the July 27, 2010, claims administrator's decision, the Office of Judges held that the preponderance of the evidence does not establish that Mr. Jones sustained an injury in the course of and as a result of his employment on June 28, 2010. Mr. Jones disputes this finding and asserts that the evidence of record demonstrates that he sustained a work-related injury on June 28, 2010.

The Office of Judges found that the compensability of the claim is highly questionable. The Office of Judges further found that although Mr. Jones's preexisting back problems would not preclude him from suffering a new injury on June 28, 2010, an investigation of the alleged injury resulted in a finding that the accident could not have occurred in the manner presented by Mr. Jones. The Office of Judges then found that Mr. Jones's prior injuries and conditions could explain the physical manifestations observed on June 28, 2010. The Board of Review reached the same reasoned conclusions in its decision of September 21, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  July 17, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II